UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**SCOTT L. HEAGNEY,**               )
                                    )        CIVIL ACTION
         **Plaintiff,**             )
                                    )        NO. 4:15-40024-TSH
         v.                         )
                                    )
                                    )
**LISA W. WONG, in her individual and**  )
**official capacities, CITY OF FITCHBURG,** )
                                    )
         **Defendants.**            )
_____ )

## ORDER AND MEMORANDUM ON PLAINTIFF'S MOTION FOR ENTRY OF AMENDED FINAL JUDGMENT WITH ATTORNEYS' FEES, COSTS, AND POSTJUDGMENT INTEREST (Docket No. 242)

**October 7, 2019**

**HILLMAN, D.J.**

Scott L. Heagney ("Plaintiff") filed this action against Lisa A. Wong, in her individual and official capacities, and the City of Fitchburg (collectively, "Defendants"), alleging defamation and violations of M.G.L. c. 151B § 4(9) ("Chapter 151B"). (Docket No. 1-1). The jury returned a verdict in Plaintiff's favor and awarded him $750,000 in compensatory damages for his defamation claim and $750,000 in punitive damages for his Chapter 151B claim. (Docket No. 168 at 6, 9–10). The Court entered judgment for Plaintiff on March 17, 2017 (Docket No. 174), and amended that judgment on October 2, 2017, to include $550,000.00 in attorneys' fees, $5,697.90 in non-taxable costs, and $244,037.67 in prejudgment interest (Docket No. 223). The Court also taxed costs of $11,797.22 against Defendants under Federal Rule of Civil Procedure 54(d). (Docket No. 231).

1

On appeal, the First Circuit (1) reversed the Court's judgment of liability as to defamation and (2) affirmed the Court's judgment of liability as to but reversed the award of punitive damages for the Chapter 151B violation. (Docket No. 240 at 1). Plaintiff now moves for attorneys' fees, costs, and post-judgment interest. (Docket No. 242). Plaintiff also moves for costs under Rule 54(d). (Docket No. 242). For the following reasons, the Court **_denies_** the portion of the motion requesting attorneys' fees, costs, and post-judgment interest and **_grants_** the portion of the motion requesting costs under Rule 54(d).

## Discussion

*1. Attorneys' Fees, Costs, and Post-Judgment Interest*

Plaintiff argues that, given the First Circuit's affirmance of liability on his Chapter 151B claim, he is entitled to attorneys' fees, costs, and post-judgment interest as the "prevailing party" under M.G.L. c. 151B § 9. The Court disagrees. *Kiely v. Teradyne, Inc.*, 85 Mass. App. Ct. 431 (2014), precludes recovery of attorneys' fees or costs for a violation of Chapter 151B where a plaintiff does not receive any relief.[1] Plaintiff, having not received any punitive or compensatory damages, therefore cannot recover attorneys' fees or costs for his Chapter 151B claim.

Plaintiff contends that *Kiely* allows an award of attorneys' fees in these circumstances because, unlike the jury in *Kiely*, which failed to make an independent finding of harm, the jury here found that Plaintiff suffered harm as a result of the Chapter 151B violation. (Docket No.

---

[1] In *Kiely*, although the plaintiff prevailed on her retaliation claim, the jury awarded her zero compensatory damages. *Id.* at 432. The jury did award her $1.1 million in punitive damages, but the trial court vacated this award in its judgment. *Id.* The trial court later denied the plaintiff's motion for attorneys' fees because she was not a "prevailing party" under Chapter 151B. *Id.* On appeal, the plaintiff argued that "the judge erred in denying her postjudgment motion for attorney's fees under G.L. c. 151B, § 9, even in the absence of compensatory or punitive damages." *Id.* The Appeals Court rejected this contention. *Id.* at 448. It determined that "a finding of retaliation alone, without *any* form of relief or recovery, cannot support an award of attorney's fees under G.L. c 151B, § 9." *Id.*

2

242 at 3). This argument is unpersuasive. Plaintiff relies on the distinction between a finding of no actual harm and a finding of actual but not quantifiable harm. Yet, Plaintiff fails to demonstrate that the jury placed his harm into the latter category. Plaintiff never suggested during trial that his harm could not be quantified. (Docket No. 243-1). To the contrary, he offered expert testimony and evidence regarding the amount of compensatory damages to which he was entitled. (Docket No. 243-1). That the jury declined to award him any compensatory damages on this record does not mean that it found his harm unquantifiable. (Docket No. 168 at 8–9). Indeed, *Kiely* suggests the opposite, i.e., that a jury's award of zero compensatory damages in the wake of a plaintiff's submission of evidence regarding his losses constitutes an "express[] reject[ion]" of actual damages. *See Kiely*, 85 Mass. App. Ct. at 447.

Plaintiff also suggests that he received a form of declaratory judgment because the First Circuit affirmed judgment as to liability under Chapter 151B. But neither this Court nor the First Circuit mentioned declaratory judgment or any other form of injunctive relief in their decisions, and the Court declines to rule that a finding of liability alone suffices to create such relief.

Because Plaintiff has not received any relief, he cannot recover attorneys' fees or costs.[2] The Court therefore ***denies*** this portion of Plaintiff's motion.

### 2. *Taxable Costs*

Plaintiff also moves for taxable costs under Federal Rule of Civil Procedure 54(d), which enables a court to award costs, other than attorneys' fees, to a "prevailing party" unless otherwise prohibited under law. (Docket No. 242 at 2). As Defendants have not offered any opposition to

---

[2] And if Plaintiff cannot recover attorneys' fees or costs, he also cannot recover post-judgment interest.

this portion of Plaintiff's motion, the Court ***grants*** the request and taxes $11,797.22 in costs against Defendants under Rule 54(d).

## **Conclusion**

For the reasons stated above, Plaintiff's motion is ***granted*** in part and ***denied*** in part. (Docket No. 242).

**SO ORDERED**

                                              ***/s/ Timothy S. Hillman***
                                              **TIMOTHY S. HILLMAN**
                                              **DISTRICT JUDGE**